UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER THOMAS,

        Petitioner,

vs.                                 Case No. 3:19-cv-1032-BJD-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## ORDER

### I.  STATUS

In his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1), Petitioner raises six grounds claiming ineffective assistance of trial counsel and one ground asserting newly discovered evidence and a <u>Brady</u>[1] violation.  He challenges a 2010 state court (Duval County) conviction for four counts of armed robbery.  He filed a Memorandum of Law in Support of Federal Habeas Corpus (Memorandum) (Doc. 2) in support of the Petition.  Respondents filed an Answer to Petition for Writ of Habeas Corpus (Response) (Doc. 13) and an Appendix (Doc. 15).[2]

---

[1] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

[2] Respondents filed an Appendix (Doc. 15).  The Court hereinafter refers to the exhibits as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix.  Otherwise, the page number on the

Petitioner filed a Reply/Traverse to Answer to Petition for Writ of Habeas Corpus (Reply) (Doc. 20).  See Order (Doc. 10).

The Petition is timely filed.  Response at 11-12.  No evidentiary proceedings are required in this Court.  The pertinent facts are fully developed in the record, or the record otherwise precludes habeas relief; therefore, the Court can adequately assess the claims without any further factual development.  Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## II.   HABEAS REVIEW

Federal courts are authorized to grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Lee v. GDCP Warden, 987 F.3d 1007, 1017 (11th Cir.) (quoting 28 U.S.C. § 2254), cert. denied, 142 S. Ct. 599 (2021). For issues previously decided by a state court on the merits, this Court must review the underlying state-court decision under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).   In doing so, a federal district court must employ a very deferential framework.  Sealey v. Warden, Ga.

---

particular document will be referenced.   The Court references the docket and page numbers assigned by the electronic filing system for the Petition, Memorandum, Response, and Reply.

Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted) (acknowledging the deferential framework of AEDPA for evaluating issues previously decided in state court), cert. denied, 141 S. Ct. 2469 (2021); Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").

Thus, "[u]nder AEDPA, a court cannot grant relief unless the state court's decision on the merits was 'contrary to, or involved an unreasonable application of,' Supreme Court precedent, or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" McKiver v. Sec'y, Fla. Dep't of Corr., 991 F.3d 1357, 1364 (11th Cir.) (citing 28 U.S.C. § 2254(d)(1)-(2)), cert. denied, 142 S. Ct. 441 (2021). The Eleventh Circuit instructs:

> A state court's decision is "contrary to" clearly established federal law if the state court either reaches a conclusion opposite to the Supreme Court of the United States on a question of law or reaches a different outcome than the Supreme Court in a case with "materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle" from Supreme Court precedents "but unreasonably applies that principle to

the facts of the prisoner's case." Id. at 413, 120 S. Ct. 1495.

Lee, 987 F.3d at 1017-18.   Therefore, habeas relief is limited to those occasions where the state court's determinations are unreasonable, that is, if no fairminded jurist could agree with them.   McKiver, 991 F.3d at 1364.

This high hurdle is not easily surmounted.   If the state court applied clearly established federal law to reasonably determined facts when determining a claim on its merits, "a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'"   Shinn v. Kayer, 141 S. Ct. 517, 520 (2020) (per curiam) (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).   Also, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).   "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary."   Sealey, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)).   See Hayes v. Sec'y, Fla. Dep't of Corr., 10 F.4th 1203, 1220 (11th Cir. 2021) (Newsome, Circuit Judge, concurring) (recognizing the universal requirement, applicable to all federal habeas proceedings of state prisoners, set forth in 28 U.S.C. § 2254(e)(1)).

Finally, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgment, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## III.   EXHAUSTION AND PROCEDURAL DEFAULT

The doctrine of procedural default requires the following:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman,[3] supra, at 747-748, 111 S. Ct. 2546; Sykes,[4] supra, at 84-85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g.,

---

3  Coleman v. Thompson, 501 U.S. 722 (1991).

4  Wainwright v. Sykes, 433 U.S. 72 (1977).

> Walker v. Martin, 562 U.S. ----, ----, 131 S. Ct. 1120,
> 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler,
> 558 U.S.----, ----, 130 S. Ct. 612, 617-618, 175 L.Ed.2d
> 417 (2009). The doctrine barring procedurally
> defaulted claims from being heard is not without
> exceptions. A prisoner may obtain federal review of a
> defaulted claim by showing cause for the default and
> prejudice from a violation of federal law. See Coleman,
> 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 566 U.S. 1, 9-10 (2012).

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted state court remedies.   Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509 (1982).   A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile.'"   Owen v. Sec'y, Dep't of Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003)), cert. denied, 558 U.S. 1151 (2010).

There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez, 566 U.S. at 10 (citing Coleman, 501 U.S. at 750).   To demonstrate cause, a petitioner must show some objective factor external to the defense impeded his effort to properly raise the claim in state court.   Wright v.

Hopper, 169 F.3d 695, 703 (11th Cir.), cert. denied, 528 U.S. 934 (1999).   If cause is established, a petitioner must demonstrate prejudice.   To demonstrate prejudice, a petitioner must show "there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred."   Owen, 568 F.3d at 908.

Alternatively, a petitioner may obtain review of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995).   The gateway exception is meant to prevent a constitutional error at trial from causing a miscarriage of justice and conviction of the actually innocent.   Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting Schlup, 513 U.S. at 324), cert. denied, 569 U.S. 1004 (2013).

## IV.   INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are "governed by the familiar two-part Strickland standard."   Knight v. Fla. Dep't of Corr., 958 F.3d 1035, 1038 (11th Cir. 2020), cert. denied, 141 S. Ct. 2471 (2021).   Pursuant to this standard, a defendant must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense.   Strickland, v. Washington, 466 U.S. 668, 687 (1984).   The reviewing court need not

address both prongs if a petitioner makes an insufficient showing on one prong. Id. at 697.

To prevail, a petitioner must successfully show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" as well as show "the deficient performance prejudiced the defendant, depriving him of a 'fair trial, a trial whose result is reliable.'" Raheem v. GDCP Warden, 995 F.3d 895, 908 (11th Cir. 2021) (quoting Strickland, 466 U.S. at 687), cert. denied, 142 S. Ct. 1234 (2022).   Additionally,

> because "[t]he standards created by Strickland and § 2254(d) are both 'highly deferential,' . . . when the two apply in tandem, review is 'doubly' so.   Harrington [v. Richter, 562 U.S. 86, 105 (2011)] (internal citations and quotation omitted).   Thus, under § 2254(d), "the question is not whether counsel's actions were reasonable.   The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."   Id.

Tuomi v. Sec'y, Fla. Dep't of Corr., 980 F.3d 787, 795 (11th Cir. 2020), cert. denied, 141 S. Ct. 1721 (2021).

## V.   GROUNDS ONE AND SIX

**Ground One: Trial counsel provided ineffective assistance in failing to properly object to defective verdict form during [the] charge conference or prior to jury deliberations, and failed to object to trial**

**court[']s reclassification of defendant[']s offense after jury had render[ed] verdict for robbery with special finding that defendant actually possessed firearm.**

**Ground Six: Petitioner asserts that trial counsel provided ineffective assistance in failing to object to the defective verdict form and that his adjudication and sentence for armed robbery is illegal due to trial court's improperly reclassifying jury's findings by two penalty levels, exceeding statutory maximum for robbery.**

Respondents contend Petitioner failed to exhaust the claim of ineffective assistance of counsel.   Response at 14-16, 21-22.   Upon review, Petitioner exhausted the claim of ineffective assistance of counsel by raising the claim in ground six of his Sixth Amended Motion for Post-Conviction Relief (Rule 3.850 motion) with appropriate citation to the seminal case on ineffective assistance of counsel: Strickland, Ex. C1 at 15, and on appeal of the denial of his motion. Ex. C2 at 15.   In its order denying post-conviction relief, the circuit court acknowledged that Petitioner raised a claim of ineffective assistance of counsel. Ex. C1 at 56.   The court declined to find deficient performance, stating counsel could not be found ineffective for failure to raise a meritless argument.   Id. at 59-60.   The First District Court of Appeal (1st DCA) affirmed per curiam.   Ex. C4.   The mandate issued on June 2, 2017.   Ex. C7.

9

The Court finds Petitioner fairly presented his claims of ineffective assistance of counsel to the state courts.   Petitioner exhausted these grounds, and the Court rejects Respondents' contention that the claims are unexhausted and procedurally defaulted.

The record demonstrates the following.   In pertinent part, the amended information charged four counts of armed robbery:

> CHRISTOPHER DEAN THOMAS on November 13, 2006, in the County of Duval and the State of Florida, did carry a firearm, and did unlawfully by force, violence, assault, or putting in fear, take money or other property, to-wit: U.S. Currency, the property of Bank of America, from the person or custody of [Gloria Cox, Chad Wimer, Rodney Davis, Juliana Patron], with the intent to permanently or temporarily deprive Bank of America of the money or other property, and during the commission of the aforementioned robbery the said CHRISTOPHER DEAN THOMAS did actually possess a firearm, contrary to the provisions of Sections 812.13(2)(a) and 775.087(2)(a)1, Florida Statutes.

Ex. B2 at 224-25 (four counts of armed robbery compressed).

During the charge conference, the court and the parties went over the proposed verdict forms.   Ex. B6 at 523-26.   Apparently, the state originally submitted a proposed verdict form on count one that,

> has guilty of robbery and then subfindings that the defendant did carry a firearm and then subfindings under that that he possessed or actually possessed and did not actually possess a firearm, then a finding that

10

> he carried a deadly weapon, then a finding that he
> carried a weapon, then a finding that the [defendant]
> did not carry a firearm, deadly weapon, or a weapon,
> then guilty of theft, and then not guilty.

Id. at 523.   Defense counsel said he had no objections to the proposed verdict

form.   Id.   The prosecutor interjected and said the findings seemed

inconsistent and proposed a change that in order to find the defendant guilty

of the offense, the court should change the verdict form to read: "[w]e the jury

find the defendant did actually possess a firearm and then just follow the rest

– get rid of did not actually possess a firearm."   Id. at 524.   He argued,

"[e]ssentially, there is only one finding they can make."   Id. at 525.   The court

stated it believed the proposed change would cure any inconsistencies, and

defense counsel said he had no objection to the change.   Id.   The   prosecutor

further stated he was taking out the first firearm finding, and just have "one

sub."   Id.   Defense counsel agreed with the proposed changes to the verdict

form and stated, "I think that is perfect."   Id. at 526.

In pertinent part, the trial court instructed the jury:

> Christopher Dean Thomas, the defendant in this
> case, has been accused of the crimes of four counts of
> armed robbery.   I'll now define the elements of armed
> robbery for you.   As to counts 1 through 4, to prove
> the crime of robbery the state must prove the following
> four elements beyond a reasonable doubt:   Number
> one, Christopher Dean Thomas took U.S. currency, the
> property of Bank of America from the person or

11

custody of Gloria Cox as to count 1, Chad Wimer as to count 2, Rodney Davis as to count 3, and Juliana Patron as to count 4.   Number two, force, violence, assault or putting in fear was used in the course of the taking.   Number three, the property taken was of some value.   Number four, the taking was with the intent to permanently or temporarily deprive Bank of America of its right to the property or any benefit from it or to appropriate the property of Bank of America to his own use or to the use of any person not entitled to it.

Id. at 570.

The court continued, in pertinent part:

If you find the defendant guilty of the crime of robbery, then you must further determine beyond a reasonable doubt if in the course of committing the robbery the defendant carried some kind of weapon. An act is "in the course of committing the robbery" if it occurs in an attempt to commit robbery or in flight after the attempt or commission.

If you find that the defendant carried a firearm in the course of committing the robbery, you should find him guilty of robbery with a firearm.

If you find that the defendant committed armed robbery with a firearm and you also find beyond a reasonable doubt that during the commission of the crime he actually possessed a firearm, you should find the defendant guilty of armed robbery with a firearm with actual possession of a firearm.

To "actually possess" a firearm means that the defendant, (A) carried a firearm on his person or, (B), had a firearm within immediate physical reach with

12

ready access with the intent to use the firearm during the commission of the crime.

Id. at 572.

The court then charged:

> A "firearm" is legally defined as any weapon which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive.
>
> If you find that the defendant carried a deadly weapon in the course of committing the robbery, you should find him guilty of robbery with a deadly weapon.
>
> If you find that the defendant carried a weapon that was not a deadly weapon in the course of committing the robbery, you should find him guilty of robbery with a weapon.
>
> If you find that the defendant carried no weapon in the course of committing the robbery but did commit the robbery, you should find him guilty only of robbery.
>
> A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.
>
> A "weapon" is defined to mean any object that could be used to cause death or inflict serious bodily harm.

Id. at 573.

The court instructed the jury as to lesser-included crimes of armed robbery: robbery with a deadly weapon, robbery with a weapon, robbery, and theft.  Id. at 573-74.   The court gave an instruction for theft.  Id. at 574-75.

The court provided an instruction as to the verdict form, noting that if the jury were to find the defendant guilty of robbery, the jury was obliged to choose one of the four subparagraphs and mark it.  Id. at 582-83.   At the close of the instructions, the court asked if there were any objections to the instructions, and both the prosecutor and defense counsel said no.  Id. at 588.

The jury returned a verdict as to each of the four counts, finding the defendant guilty of robbery and finding the defendant did actually possess a firearm during the commission of the offense for each count.  Id. at 590-91. The verdict forms are contained in the record.  Ex. B2 at 279-82.   Each verdict form reflects that the jury found Petitioner "guilty of robbery" and further found he "did actually possess a firearm during the commission of the offense."  Id.

In ground one of the Petition, Petitioner argues that the verdict form was defective, "as it did not contain the terms Armed Robbery or Robbery with a firearm in the main interrogatories."   Petition at 5.   He contends that defense counsel's failure to object to the verdict form resulted in the jury returning a factually inconsistent verdict and in Petitioner being improperly sentenced to

14

life in prison for a crime the jury never determined Petitioner committed, resulting in an unfair proceeding.   Id.

In ground six of the Petition, Petitioner argues that the jury did not find Petitioner carried a firearm as required by Florida law, and as a result he was improperly adjudicated guilty of armed robbery under Fla. Stat. § 812.13(2)(a) and improperly sentenced to life in prison.   Petition at 14.   He asserts the adjudication and sentence is illegal and violates the holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).   Petition at 14.   He states, "carried" for purposes of § 812.13(2)(a) reclassifies robbery into a higher degree felony, increasing the potential maximum punishment, and § 775.087(2)(a)(1) simply subjects the defendant convicted of actually possessing a firearm during the commission of a robbery to a ten-year minimum mandatory sentence.   Petition at 14.   He contends that he received a more severe punishment than what the jury verdict allowed, and the court illegally imposed life sentences.   Id. at 15. Petitioner submits that the jury did not find that he carried a firearm during the commission of the offense to qualify him for the punishment reclassification under § 812.13(2)(a).   Id.

The circuit court, in addressing the Rule 3.850 motion, summarized Petitioner's claim in a nutshell:

>According to Defendant, the verdict form was inconsistent with the instructions read to the jury. Defendant contends the verdict form did not incorporate the option of finding Defendant guilty of armed robbery with a firearm. Instead, the jury returned a verdict form of guilty on four counts of robbery, with a special finding that Defendant possessed a firearm during commission of the robberies. However, the Court adjudicated and sentenced Defendant for the offenses of armed robbery with a firearm. This, Defendant asserts, demonstrates the Court failed to enforce the jury's verdict as rendered. Alternatively, Defendant argues his counsel was ineffective for failing to object to this alleged error.

Ex. C1 at 56.

Initially, the reviewing court recognized that the verdict form did not contain the terms "armed robbery" or "robbery with a firearm." Id. at 59. The court, however, reasoned that the jury first found the elements of robbery had been met, and that the sub-interrogatories meant robbery with a firearm, robbery with a deadly weapon, robbery with a weapon, or simple robbery. Id. In coming to this conclusion the state court reasoned that the sub-interrogatory finding the defendant actually possessed a firearm "served dual purposes of establishing Defendant's guilt as to Robbery with a Firearm, while also establishing the necessary finding for enhancement of Defendant's sentence pursuant to section 775.087(2)(a)1, Florida Statute (2006)." Ex. C1 at 59 (citing Grant v. State, 138 So. 3d 1079, 1086 (Fla. 4th DCA 2014) (noting the

definition of possession is narrower in meaning than the term carried).   As such, the court found if a defendant actually possessed a firearm under 775.087, he necessarily carried a firearm pursuant to 812.13(2)(a).   Ex. C1 at 59.   The court concluded that by finding Petitioner actually possessed a firearm, the jury necessarily found Petitioner carried a firearm; therefore, *ipso facto*, the jury found Petitioner guilty of armed robbery.   Id.

The court went on to find that the record refutes the allegation the verdict form is inconsistent with the adjudication of guilt and subsequent sentencing.   Id. at 59.   The court concluded defense counsel cannot be found ineffective for failure to raise a meritless argument.   Id. at 59-60.   Finally, the court held the sentences were not illegal.   Id. at 60.   The 1st DCA affirmed.   Ex. C4.

Here, the trial court simply used the term "robbery," not armed robbery or robbery with a firearm.   However, the court also included very specific sub-interrogatories.   The verdict form, as marked, states: "We, the jury, find the defendant guilty of robbery."   Ex. B2 at 279-82.   The sub-interrogatory selected by the jury for each verdict reads: "We the jury, find that the defendant did actually possess a firearm during the commission of the offense."   Id.

As charged, to actually possess a firearm includes the carrying a firearm on his person.  <u>Id</u>. at 292.  Notably, in this case, the bank robbery was captured on videotape, showing the perpetrator carrying a gun.  Ex. B5 at 238. The victims all described the robber as pointing a gun at them.  <u>Id</u>. at 240, 242, 259, 269-70, 278.  Thus, the record demonstrates the lone bank robber was carrying the firearm on his person.  There is no question that this was not a circumstance where the jury was asked to decide the type of "constructive possession" that qualifies for a mandatory minimum sentence.  Fla. Stat. § 775.087(2)(a)1.  Ex. B2 at 292.  <u>See</u> <u>Grant</u>, 138 So. 3d at 1086.

The statutory maximum for <u>Apprendi</u> purposes "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  <u>Blakely v. Washington</u>, 542 U.S. 296, 303 (2004) (emphasis in original) (citations omitted).  The jury, in Petitioner's case, by finding possession of a firearm, also found Petitioner carried a firearm on his person, just as the jury was instructed.  Thus, pursuant to Fla. Stat. § 812.13(2)(a), as the offender carried a firearm, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as otherwise provided.

Of import, "[a] jury is presumed to follow its instructions."  <u>Weeks v. Angelone</u>, 528 U.S. 225, 234 (2000) (citation omitted).  Therefore, assuming

the jury followed its instructions, and considering the court's instructions as a whole, this Court finds Petitioner is not entitled to habeas relief.   Petitioner has failed to establish that the state court's denial of his claim was contrary to or an unreasonable application of <u>Apprendi</u> or that its decision was based upon an unreasonable determination of the facts in light of the evidence presented.

Furthermore, as the state court properly applied the two-pronged <u>Strickland</u> standard of review for Petitioner's claim of ineffective assistance of counsel, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1).   Thus, this Court must ask whether the court unreasonably applied that principle to the facts of Petitioner's case or premised its adjudication of the claim on an unreasonable determination of the facts.   This Court is not convinced that there was an unreasonable application or an unreasonable determination of the facts.

As noted above, the circuit court did not make an unreasonable determination of the facts.   These findings of fact are entitled to the presumption of correctness.   28 U.S.C. § 2254(e)(1).   Petitioner has not presented clear and convincing evidence to the contrary; therefore, the presumption of correctness applies to the findings of fact.   Upon review, the state court did not unreasonably apply <u>Strickland</u> to the facts before it.   The court applied clearly established federal law to reasonably determined facts.

19

Therefore, this Court will not disturb the state court's decision as the determination was not unreasonable.

In conclusion, as there was a reasoned state court judgment rejecting Petitioner's claims followed by an unexplained order by the 1st DCA upholding the judgment, this Court will employ the look through presumption and presume the 1st DCA adopted the same reasoning.   Applying the look through presumption described in Wilson, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. Deference is due to the 1st DCA's decision as the state court's adjudication of these claims is not contrary to or an unreasonable application of Strickland and Apprendi or based on an unreasonable determination of the facts.   As such, grounds one and six are denied.

## VI.   GROUNDS TWO AND THREE

**Ground Two:   Trial counsel was ineffective in failing to investigate, interview and call Mr. Todd Hayes and the unknown white male who had given him the description of the robbery suspect and the partial tag number.**

**Ground Three:   Ineffective assistance of counsel [for] failing to object to the trial court's prohibiting cross-examinations of Lisa Marshall as to the extent of her relationship with Mr. James Moore III, on the basis**

**that the court was prohibiting the defendant from introducing evidence of third party guilt and a motive to lie.**

Petitioner asserts he did not raise these claims and presents the claims as "<u>Martinez</u>-excused" claims.   Memorandum at 9-10, 12-13.   <u>Martinez</u> provides a narrow, equitable, non-constitutional exception to the holding in <u>Coleman</u>.   Respondents contend Petitioner raised the claims in his Rule 3.850 motion in issues seven and four, respectively, Ex. C1 at 15-17, 8-11, however, Petitioner abandoned these claims on appeal of the denial of Rule 3.850 motion. Response at 16-18.   As such, Respondents submit the claims are unexhausted, procedurally defaulted, and <u>Martinez</u> is inapplicable because Petitioner actually presented the claims to the trial court, but he simply failed to pursue the claims on appeal.   Response at 35-36, 17-19, 38.

Upon review, Petitioner did raise comparable claims in issues seven and four of his Rule 3.850 motion. [5]   Ex. C1 at 15-17, 8-11.   The record demonstrates Petitioner raised the issues and the circuit court summarily denied relief as to the claims, applying the standard of review set forth in <u>Strickland</u>.   <u>Id</u>. at 60-62, 53-55.   There was no evidentiary hearing.

---

5  Of note, Petitioner claimed "[c]ounsel had a duty to protect Defendant's rights and there is no exception to the Hearsay Rule or the Confrontation Clause."   Ex. C1 at 17.

Petitioner appealed the denial of his post-conviction, and the 1st DCA affirmed. Ex. C4.

In order to exhaust all state-court remedies, a state prisoner must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process, including review by the state court of last resort, even if review is discretionary. Pruitt v. Jones, 348 F.3d 1355, 13589-59 (11th Cir. 2003), cert. denied, 543 U.S. 838 (2004). See Clark v. Comm., Ala. Dep't of Corr., 988 F.3d 1326, 1329 (11th Cir. 2021), cert. denied 142 S. Ct. 1134 (2022). Here, Petitioner failed to raise the matters on appeal of the summary denial of the Rule 3.850 motion. Therefore, he abandoned his claims by failing to address the claims in his brief. Lynch v. State, 335 So.3d 780 (Fla. 1st DCA 2022) (per curiam) (citing Watson v. State, 975 So. 2d 572, 573 (Fla. 1st DCA 2008)). See Himes v. State, 310 So.3d 542, 545 (Fla. 1st DCA 2021) (finding if a defendant submits a brief in an appeal from a summary denial of a postconviction motion, the appellate court may review only those arguments raised and fully addressed in the brief).

The holding in Martinez does not provide an exception for appeals from initial-review collateral proceedings. Per Martinez, 566 U.S. at 16,

The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. See [Coleman v. Thompson], 501 U.S. [722], at 754, 111 S. Ct. 2546; [Murray v.] Carrier, 477 U.S. [478], at 488, 106 S. Ct. 2639. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

Because Petitioner failed to include the claims in his brief when appealing his summarily denied post-conviction motion, he has procedurally defaulted these grounds.   See Bell v. Dep't of Corr., No. 3:20cv5894-/LAC/EMT, 2021 WL 6494800, at *22 (N.D. Fla. December 20, 2021) ("In Florida, an appellant who files a brief when appealing a summarily denied post-conviction motion must raise and fully address in his brief all arguments on which he seeks appellate review.   The appellate court will not review claims that are not briefed.") (citations and footnote omitted), report and recommendation adopted by 2022 WL 124562 (N.D. Fla. Jan. 13, 2022).[6]   As noted above, Martinez is inapplicable as its holding does not concern appeals

---

[6] The Court finds the reasoning of Bell persuasive on this point.   See McNamara v. Gov't Emp. Ins. Co., 30 F.4th 1055, 1060-61 (11th Cir. 2022) (reiterating that unpublished opinions may be cited as persuasive authority but are not binding precedent).   See Rule 32.1, Fed. R. App. P.

from initial-review collateral proceedings or extend to errors in proceedings beyond the first occasion the state allows a prisoner to raise a claim of ineffective assistance of trial counsel.

Based on the above, the Court finds Petitioner's claims raised in grounds two and three of the Petition are unexhausted and procedurally defaulted.   In this instance, Petitioner has not satisfied the standard for excusing default. Thus his procedural default is not excused.

As such, grounds two and three are deemed unexhausted and procedurally defaulted.   Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of grounds two and three of the Petition.   Furthermore, he has not demonstrated that he meets the allowable exceptions to the procedural default doctrine.   Having failed to establish cause for the procedural default of grounds two and three, the Court finds the claims are procedurally barred and should not be addressed on their merits in this federal post-conviction proceeding.   Therefore, grounds two and three are due to be denied as procedurally barred.

In the alternative, to the extent these claims were raised and addressed by the state courts and properly exhausted in the state court system, this Court will give deference to the state court's ruling denying post-conviction relief.   In

denying post-conviction relief, the circuit court properly applied the Strickland standard.   Ex. C1 at 48-49.   The court analyzed Petitioner's claims and found "[d]efense counsel cannot be found ineffective for failing to raise a meritless argument" and Petitioner "failed to demonstrate either deficient performance or prejudice."   Id. at 62, 55.   The 1st DCA affirmed the denial of post-conviction relief.   Ex. C4.   Therefore, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1).   Applying the look-through presumption set forth in Wilson, the Court finds the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.   Petitioner has not demonstrated that the state court unreasonably applied Strickland or unreasonably determined the facts.   Thus, the 1st DCA's decision, although unexplained, is entitled to AEDPA deference.

The Court finds the state court's adjudication of these claims is not contrary to or an unreasonable application of Strickland or based on an unreasonable determination of the facts.   See Response at 36-37, 38-40.   As such, Petitioner is not entitled to habeas relief on grounds two and three.

## VII.   GROUND FOUR

**Ground Four:   Ineffective assistance of trial counsel in failing to object to the admissibility of Det. Slayton's testimony concerning the**

**temp-tag and his investigation steps on the basis of hearsay and confrontation[.]**

Petitioner raised a comparable claim in issue seven of his Rule 3.850 motion.   Ex. C1 at 15-17.   Applying the two-pronged standard of review set forth in <u>Strickland</u>, the circuit court summarily denied relief.   <u>Id</u>. at 60-62. The circuit court recognized that counsel objected during the state's opening statement on the grounds that the statements violated a motion in limine and constituted hearsay.   <u>Id</u>. at 60-61.   However, the trial court overruled defense counsel's objections.   <u>Id</u>. at 61.   In denying post-conviction relief, the circuit court found counsel could not be found ineffective for failing to raise a meritless argument.   <u>Id</u>. at 62.   Finding no deficient performance, the court denied post-conviction relief.   <u>Id</u>.   Petitioner appealed the denial of his post-conviction motion, and the 1st DCA affirmed.   Ex. C4.

Respondents contend the claim is unexhausted due to Petitioner's failure to give the state courts one full opportunity to resolve the constitutional issue by invoking one complete round of the state's established appellate review process by failing to brief the matter on appeal of the denial of the Rule 3.850 motion although Petitioner raised other matters in his brief on appeal. Response at 19.   Once again, this Court finds Petitioner abandoned his claim

by failing to address the claim in his brief on appeal of the denial of the post-conviction motion.   Ex. C2.   See Lynch; Watson; Himes.

Due to its clear absence from the brief, Petitioner has procedurally defaulted the claim.   Also, Martinez is inapplicable as its holding does not concern appeals from initial-review collateral proceedings or extend to errors in proceedings beyond the first occasion the state allows a prisoner to raise a claim of ineffective assistance of trial counsel.

In sum, ground four of the Petition is unexhausted and procedurally defaulted.   Petitioner has not demonstrated that he meets the allowable exceptions to the procedural default doctrine.   As Petitioner has not satisfied the standard for excusing default, his procedural default is not excused, and the Court deems the ground unexhausted and procedurally defaulted.

Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the merits of ground four.   Having failed to establish cause for the procedural default of ground four, the Court finds the claim is procedurally barred and should not be addressed on its merits in this federal post-conviction proceeding. Therefore, ground four is due to be denied as procedurally barred.

Alternatively, to the extent that claim was raised and addressed by the state courts and properly exhausted in the state court system, this Court will

give deference to the state court's ruling denying post-conviction relief.   Of note, the circuit court applied the <u>Strickland</u> two-pronged standard.   Ex. C1 at 48-49.   The court analyzed Petitioner's claim and found Petitioner failed to demonstrate deficient performance.   <u>Id</u>. at 60-62.   The 1st DCA affirmed. Ex. C4.   Under these circumstances, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1).

Also, applying the look-through presumption set forth in <u>Wilson</u>, the Court finds the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.   Upon review, Petitioner has not demonstrated that the state court unreasonably applied <u>Strickland</u> or unreasonably determined the facts.   As such, the 1st DCA's decision, although unexplained, is entitled to AEDPA deference.

The Court finds the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts.   <u>See</u> Response at 43.   The Court finds Petitioner is not entitled to habeas relief on ground four.

## VIII.   GROUND FIVE

**Ground Five:   Petitioner was deprived of his Sixth Amendment right to the effective assistance of counsel when Trial Counsel failed to**

**communicate or communicate correctly a favorable pre-trial plea offer of fifteen (15) years in prison.**

Petitioner raised a similar claim in issue thirteen of his Rule 3.850 motion.  Ex. C1 at 35-37.  As previously noted, the circuit court applied the Strickland standard of review for a claim of ineffective assistance of counsel and denied relief.  Id. at 48-49, 75-76.  Finding neither deficient performance nor prejudice, the court denied relief on this ground.  Id. at 76.  Petitioner appealed the denial of his post-conviction motion and he included issue thirteen in his brief on appeal, Ex. C2 at 21-22, and the 1st DCA affirmed.  Ex. C4.

Respondents contend the claim is unexhausted and procedurally defaulted but also recognize Petitioner raised a similar claim in ground thirteen of his Rule 3.850 motion.  Response at 20-21, 43-44.  Based on the record, the Court finds the claim was properly exhausted and not procedurally defaulted.  Martinez is inapplicable to this claim as Petitioner raised a similar claim and briefed it on appeal of the denial of the Rule 3.850 motion.

The circuit court applied the analysis set forth in Alcorn v. State, 121 So.3d 419, 422 (Fla. 2013).  Ex. C1 at 75-76.  See Response at 45-46.  Assuming the pre-Alcorn standard of review should have been utilized as set forth in Cottle v. State, 733 So.2d 963 (Fla. 1999) (per curiam) (adopting a

modified <u>Strickland</u> analysis to an ineffective assistance of counsel claim based on counsel's failure to properly advise the defendant about the state's plea offer, resulting in the rejection of the offer), the circuit court would have considered three elements for a prima facie ineffectiveness claim: (1) counsel failed to convey a plea offer or misinformed the defendant concerning the possible sentence he faced; (2) the defendant would have accepted the plea but for counsel's failure; and (3) acceptance of the plea would have resulted in a lesser sentence than was ultimately imposed).   Even when utilizing a pre-<u>Alcorn</u> type of analysis, Petitioner is still not entitled to habeas relief.

In his Rule 3.850 motion, Petitioner admitted that his counsel communicated a plea offer of fifteen years as a prison releasee reoffender and Petitioner rejected that offer.   Ex. C1 at 36.   Petitioner states he rejected the offer because he was concerned about the ramifications to his co-defendant. <u>Id</u>.   He complains his counsel did not adequately inform him about the parameters of the plea offer in which the state agreed to drop charges against the co-defendant and waive restitution.   <u>Id</u>.

In his Petition and Memorandum, Petitioner alters his claim and asserts counsel never mentioned any plea offer tendered by the state, including a fifteen-year plea offer.   Petition at 12, Memorandum at 16.   Petitioner claims, subsequent to the trial, he learned that counsel had rejected the state's fifteen

year offer without advising Petitioner that the state had tendered a fifteen-year offer.  Id.  He asserts, had he been aware of the fifteen-year offer and had he been told he was facing life upon conviction he would have accepted the state's plea offer.  Id.

In his Reply, Petitioner yet again alters his claim, asserting there was a second plea offer and counsel failed to convey the second plea offer made the day of trial.  Reply at 9.  Clearly, that is not the claim he presented in his Rule 3.850 motion.  Indeed, in issue thirteen of his post-conviction motion, he claimed: "trial counsel provided ineffective assistance in failing to communicate or communicate correctly the facts and merits of the state's *original* plea offer."  Ex. C1 at 35 (emphasis added).  Thus, the new claim raised in the Reply concerning a second plea offer is unexhausted and procedural defaulted.  Petitioner has failed to show cause and prejudice or that a fundamental miscarriage of justice would result if the Court does not address the new claim raised in the Reply on its merits.

Petitioner's contention raised in ground five of the Petition that he did not know he would be facing a life sentence is completely without merit.  The state provided Petitioner with its First Amended Notice of Intent to Classify Defendant as a Prison Release Re-Offender (Notice).  The Notice, in pertinent part, provides: "The State, in conformity with Section 775.082, Florida

31

Statutes, will seek to have the Defendant sentenced to *life imprisonment* on

Counts 1-4." Ex. B1 at 39 (emphasis added).[7] The certificate of service

certifies the Notice was furnished, by hand, to both Petitioner and his counsel.

Id.

Petitioner's additional contention raised in ground five that his counsel

never mentioned any fifteen-year plea offer tendered by the state is found to

be incredible.   In his post-conviction motion, Petitioner admitted that defense

counsel communicated a plea offer of fifteen years as a prison releasee

reoffender and Petitioner rejected that offer.   Ex. C1 at 36.

Petitioner is not entitled to habeas relief on ground five.   The record

demonstrates he was aware that he was facing a life sentence as a prison

releasee reoffender, his attorney told him of the state's fifteen-year plea offer,

and Petitioner decided to reject that offer and proceed to trial.   Although he

may be dissatisfied with the result of the trial and his sentence, he has not

demonstrated deficient performance nor prejudice pursuant to the Strickland

two-pronged standard of review.   Therefore, Petitioner is not entitled to post-

conviction relief on his claim of ineffective assistance of counsel and ground

five is due to be denied.

---

[7] The trial court sentenced Petitioner to life sentences for the four counts of armed robbery, with concurrent ten-year minimum mandatory sentences, and adjudicated Petitioner a prison released re-offender as to each count, concurrent.   Ex. B2 at 323-328.

Alternatively, the Court gives deference to the state court's decision. The 1st DCA's decision, although unexplained, is entitled to AEDPA deference. Applying the look through presumption described in <u>Wilson</u>, the state's court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.   In sum, the Court finds the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u> and its progeny or based on an unreasonable determination of the facts.   As such, Petitioner is not entitled to habeas relief on ground five of the Petition.

## IX.   GROUND SEVEN

**Ground Seven:   Petitioner asserts newly discovered evidence in that the State of Florida violated discovery in failing to disclose the existence of a phenotypically similar bank robber who had been robbing banks in Jacksonville prior to, at the time of Petitioner's arrest, and subsequent to Petitioner's arrest.**

Petitioner exhausted this claim in the state court system.   Ex. N1 at 30-60.   Respondents do not contend otherwise.   <u>See</u> Response at 13.   The circuit court entered an Order Denying Defendant's Construed Successive Motion for Postconviction Relief and Cautioning Defendant from Further Frivolous Filings, with attachments.   Ex. N1 at 61-270.   Petitioner appealed the denial of the successive motion.   <u>Id</u>. at 271; Ex. N2; Ex. N3; N4; N5.   The 1st DCA

affirmed per curiam.   Ex. N6.   The mandate issued on September 11, 2019.

Ex. N7.

As noted by Respondents, Petitioner's claim was adjudicated on its

merits and Petitioner has failed to establish that the state court rulings were

contrary to, or involved an unreasonable application of clearly established

Federal law or based on an unreasonable determination of the facts in light of

the evidence presented in the state court proceeding.   28 U.S.C. § 2254(d).

Upon review, the circuit court recognized and applied the appropriate

standard for reviewing a claimed Brady violation.   Ex. N1 at 62, 67-68.   The

court analyzed Petitioner's claim that the state failed to disclose the fact that

there were robberies being committed by a similar looking individual, which

Petitioner claimed constituted exculpatory evidence, and found the claim to be

meritless.   Id. at 67-68.

The court explained:

> As discussed above, the 2006-2010 robberies
> would not have been exculpatory given the other
> evidence of guilt presented against Defendant.   In
> addition, Defendant provides only a vague description
> of the alleged robberies and provides no witness or
> physical evidence that the State should have disclosed.
> Defendant's statement in his letter attached to the
> instant Motion indicates that he had knowledge of the
> robberies at the time of his arrest and trial, and thus
> the information was not withheld pursuant to

> <u>Geralds</u>.[ 8 ] Any information regarding the 2017
> robberies is not exculpatory in that the alleged crimes
> are eleven years removed in time from Defendant's
> crime.   Further, Defendant suffered no prejudice
> considering the weight of evidence presented at trial.
> Defendant's claim that the State violated <u>Brady</u> in
> that it failed to disclose the other alleged bank
> robberies is meritless.

Ex. N1 at 68.   The court found the information regarding the other alleged

bank robberies would not have resulted in Petitioner's acquittal and Petitioner

failed to meet the elements of newly discovered evidence in order to overcome

the procedural bar.   <u>Id</u>.   The 1st DCA affirmed.   Ex. N6.

Under these circumstances, Petitioner cannot satisfy the "contrary to"

test of 28 U.S.C. § 2254(d)(1).   Also, applying the look-through presumption

set forth in <u>Wilson</u>, the Court finds the state court's ruling is based on a

reasonable determination of the facts and a reasonable application of the law.

Upon review, Petitioner has not demonstrated that the state court

unreasonably applied <u>Brady</u> or unreasonably determined the facts.   As such,

the 1st DCA's decision, although unexplained, is entitled to AEDPA deference.

---

8  <u>Geralds v. State</u>, 111 So.3d 778, 787 (Fla. 2010) (per curiam) (quoting <u>Occhicone v. State</u>,
768 So.2d 1037, 1042 (Fla. 2000)) (finding a <u>Brady</u> claim cannot stand if the defendant knew
of the evidence allegedly withheld or had possession of it as the evidence cannot be found to
have been withheld from the defendant under those circumstances).

The state court's ruling was not objectively unreasonable nor has Petitioner rebutted the presumption of correctness by clear and convincing evidence.   28 U.S.C. § 2254(e)(1).   Therefore, the state court's factual determinations are presumed correct.   The Court finds the state court's adjudication of this claim is not contrary to or an unreasonable application of clearly established Federal law or based on an unreasonable determination of the facts.   See Response at 50-52.   As such, Petitioner is not entitled to habeas relief on ground seven.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.      The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.      This action is **DISMISSED WITH PREJUDICE**.

3.      The **Clerk** shall enter judgment accordingly and close this case.

4.      If Petitioner appeals the denial of his Petition (Doc. 1), **the Court denies a certificate of appealability**.[9]   Because this Court has determined

---

[9] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

that a certificate of appealability is not warranted, the **Clerk** shall terminate

from the pending motions report any motion to proceed on appeal as a pauper

that may be filed in this case.   Such termination shall serve as a denial of the

motion.

      **DONE AND ORDERED** at Jacksonville, Florida, this 20th day of May,

2022.

_____

BRIAN J. DAVIS
United States District Judge

sa 5/18
c:
Christopher Thomas
Counsel of Record